Hany Sabry Zacaria ABELSHAHID,
Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–70444.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 29, 2005.

Roni P. Deutsch, Esq., Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Hillel Smith, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM ***

Hany Sabry Zacaria Abelshahid, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1252. We review for substantial evidence an adverse credibility determination, *Bandari v. INS*, 227 F.3d 1160, 1165 (9th Cir.2000), and we grant the petition for review and remand.

The IJ's adverse credibility determination rests on minor inconsistencies between his testimony and his written application that reveal nothing about Abelshahid's fear for his safety, including whether Abelshahid graduated from college in 1991 or 1992 and whether he lived in apartment number 101 or 102. *See id.* at 1166. Furthermore, the IJ impermissibly required Abelshahid to provide corroborating evidence, *see Arulampalam v. Ashcroft*, 353 F.3d 679, 688 (9th Cir.2003), and the IJ provided no cogent basis for discounting the corroborating evidence that Abelshahid did offer, *see Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir.2002) (holding that where a petitioner provides some corroborating evidence, his failure to produce more should not be held against him). Accordingly, the IJ's adverse credibility determination is not supported by substantial evidence. *See Bandari*, 227 F.3d at 1166.

We remand this matter for further proceedings to determine whether, accepting Abelshahid's testimony as credible, he is eligible for asylum, withholding of removal or CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**